Murphy, J.
The plaintiffs, Steven Infantino (“Infantino”) and Lauren Infantino (“Ms. Infantino”) (collectively, the “Infantinos”) brought this action alleging legal malpractice against their former attorney, Richard D. Murphy, Jr. (“Murphy”). The Infantinos also sought recovery from Gregory J. Angelini (“Angelini”), the attorney by whom Murphy was employed when he began representing the Infantinos, and John Roncone (“Roncone”), the attorney-owner of the firm Murphy moved to after leaving Angelini. The matter is before the Court on motions by codefendants Angelini and Roncone to dismiss the Complaint against them for claims of negligence and violations of G.L.c. 93A.
Angelini contends that the Infantinos did not bring their claims against him within the applicable statute of limitations and, since only Infantino was a client, that Ms. Infantino lacks standing to bring her claims.
Roncone seeks dismissal and/or judgment on the pleadings based on the same statute of limitations defense. In addition, Roncone points out that Murphy’s alleged malpractice occurred prior to his employment with Roncone.
For the following reasons, both defendants’ motions to dismiss are ALLOWED.
BACKGROUND
On December 13, 1995, Infantino hired Murphy, then employed by Angelini, to file a bankruptcy petition. Murphy assured Infantino that he would file the petition in January 1996 but failed to do so. A mortgage lender filed suit against Infantino several months later. Infantino gave Murphy materials necessary to defend against the lender’s suit. However, Murphy did not defend Infantino, and a default judgment entered in July 1996 in the amount of $64,013.32.
Murphy filed a bankruptcy petition on Infantino’s behalf on March 6, 1997. It was dismissed on August 29, 1997. A few days later, on September 1, 1997, Murphy left Angelini to begin work for Roncone, taking Infantino’s file with him. Infantino received notice of the dismissal of the petition, but upon contacting Murphy, was assured by him that steps were being taken to protect Infantino’s interests. Since Infantino’s petition had been dismissed, the mortgage lender was able to attach and levy upon real estate belonging to Ms. Infantino.
The Infantinos filed this suit on January 17, 2002.
DISCUSSION
In considering a motion to dismiss brought pursuant to Mass.R.Civ.P. 12(b), the court must accept as true the factual allegations of the well pleaded complaint as well as any inferences that can be drawn from those allegations in favor of the plaintiff. Fairneny v. Savogran Co., 422 Mass. 470 (1996). Considering the pleadings and such inferences in this light, the complaint should not be dismissed “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The statute of limitations for claims of attorney malpractice is codified at G.L.c. 260, §4[1] and requires that such actions “shall be commenced only within three years next after the cause of action accrues.” A cause of action “accrues” when an individual knows or reasonably should know that his attorney’s negligence has harmed him. Williams v. Ely, 423 Mass. 467, 473 (1996). “The plaintiff need not know the extent of the injury or know that the defendant was negligent for the cause of action to accrue.” Id. Thus, the Infantinos need not suffer actual harm before the action accrues, but merely be on notice that they are in harm’s way.
It is undisputed that Infantino received a notice of dismissal of his bankruptcy action on or about August 29, 1997. The Court concludes that, as matter of law, such notice should have warned the Infantinos that harm was imminent, particularly as they were well aware of their mortgage lender’s efforts against them. The pleadings show that Infantino was concerned *682 about the quality of his representation because he discussed the matter with Murphy after receiving the notice of dismissal. Infantino may indeed have accepted Murphy's glib assurances at that point, but any reasonable person in his shoes would have recognized at least that his pursuit of bankruptcy protection was not going either (a) as he had wished or (b) as Murphy had promised. Infantino knew or should have known that he was vulnerable to his creditors on August 29, 1997 as a direct result of the dismissal of his bankruptcy petition, filed by Murphy.
As lawyers labor in a realm whose methods and techniques are often mysterious to clients, the law recognizes the so-called “continuing representation doctrine.” A person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered. Lyons v. Nutt, 436 Mass. 244, 249-50 (2002), quoting Cantu v. St. Paul Cos., 401 Mass. 53, 58 (1987). Thus, in some circumstances a client in the midst of an ongoing attorney-client relationship may postpone the accrual of a possible malpractice action. However, the continuous representation doctrine “has no application .. . where the client actually knows that he suffered appreciable harm as a result of his attorney’s conduct." Lyons, 436 Mass. at 250. Not surprisingly, the Lyons court decided that results matter, and clients cannot disregard those results in the mere hope that things will improve at a later date. This Court concludes that the August 29, 1997 notice of dismissal was such a “red flag” result, and the Infantinos’ claims can not legally be salvaged by the “continuous representation doctrine.”
Since the facts of this case furnish a definitive date when the Infantinos’ legal action accrued, the Court need only add three years (and in the case of the 93A claims, four years) to August 29, 1997 to determine the length of time in which the Infantinos could bring suit. Since suit was not filed within the applicable period, Angelini and Roncone’s motions to dismiss must be allowed.
The Court notes that Roncone had no professional relationship with Murphy during the commission of any wrongdoing alleged by the Infantinos.
In light of the above, the Court need not consider the question of Ms. Infantino’s standing, since, a fortiori, she is likewise time-barred from maintaining her claims.
ORDER
For the foregoing reasons, the defendants,’ Gregory J. Angelini’s and John L. Roncone’s, motions to dismiss are ALLOWED.

 G.L.c. 260, §5 A provides a four-year statute of limitations for actions brought under G.L.c. 93A. The Court primarily will address Angelini and Roncone’s negligence liability since the 93A claim is essenliallv derivative of those counts.